VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00057

| Spaulding NOV |
|---|

## ENTRY ORDER

Title:          Motion for Change of Venue (Motion: 4)

Filer:          Edward Spaulding

Filed Date:     November 3, 2023

No response filed.

**The motion is DENIED.**

This is an appeal of a Town of Waitsfield Development Review Board (DRB) decision denying Edward and Courtney Spaulding's (Appellants) appeal of a February 13, 2023 Notice of Violation issued to them by the Town of Waitsfield Planning and Zoning Administrator regarding the placement of a storage container on their property at 31 Center Fayston Road, Waitsfield, Vermont (the Property) without a zoning permit and within the front setback of the Property on Center Fayston Road (the NOV). Appellants have appealed the DRB's decision to this Court.

Appellants, in their Statement of Questions, raise several assertions whereby they assert that the alleged zoning violation on appeal is superseded or otherwise subject to various federal laws and regulations. See Statement of Questions (filed August 25, 2023). Presently before the Court is Appellants' request that this Court grant their motion "for change of venue" and effectively transfer this matter to the federal court system, the United States District Court of Vermont, based on the federal issues that they have raised in their Statement of Questions. [1]

---

[1] We note that numerous Questions and portions thereof are subject to a pending motion by the Town of Waitsfield (Town) to dismiss and/or clarify and strike. Town of Waitsfield's Motion to Clarify or Dismiss Certain Questions Contained in Appellant's Statement of Questions and to Strike Portions of Other Questions (filed on October 20, 2023). Appellants filed a short response on November 3, 2023. See Appellants Response to Motion (filed on November 3, 2023). That matter is not yet under advisement. We note that Appellants in their Response stated that they "reserve[d] the right to supplement" their response "at a later date." Id. The Court is unaware of

Appellants motion cites 28 U.S.C. § 1404 as applicable law to their motion. This federal statute addresses the change of venue between federal district courts, not the movement of a case from state court to federal court. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or divisions to which all parties have consented."). We can find no authority that would allow this Court to use § 1404 to remove this case to federal court.

It would appear that 28 U.S.C. § 1441, which addresses removing a case from state court to federal court, would be more relevant to Appellants' request, but, even if the Court were to strain to read the pending request as made pursuant to § 1441, the request still must fail. Pursuant to § 1441(a) "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[2]

Federal district courts lack jurisdiction over this appeal. Arguably relevant here, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This is otherwise referred to as "federal question" jurisdiction. Id. This appeal is not a civil action arising out of federal law, the United States Constitution, or federal treaties. This action arises from an appeal of a local zoning board decision of a municipality of Vermont subject to the provisions of Title 24, Chapter 117 of the Vermont Statutes Annotated. This matter is within the exclusive and original jurisdiction of this Court. See V.R.E.C.P. 3 (setting for the actions within the original jurisdiction of this Court); 4 V.S.A. § 34 (statutorily defining the jurisdiction of this Court); see also Gould v. Town of Monkton,

---

any procedural rule allowing such a reservation in a response to a motion. To date, no such supplemental response has been filed. In any event, the Town has 14 days from the date of Appellants' response to file a reply thereto, this would fall on Friday, November 17, 2023. See V.R.C.P. 7(b)(4). The Court will take this motion under advisement at that time. We note that there may be issues that Appellants assert support their pending request that may no longer be active in this matter due to jurisdictional constraints of this Court.

[2] The Court largely addresses the merits of this alternative theory of the motion to demonstrate the inability of this Court to grant the substance of self-represented Appellants' request. We note, however, that in reviewing § 1441, that the request presently before the Court would be procedurally insufficient in addition to its substantive deficiencies. See 28 U.S.C. § 1446 (setting forth the procedure for removing a State court case to federal court).

2016 VT 84, ¶ 10, 202 Vt.535 (concluding that the Environmental Division has exclusive jurisdiction over mattes under 24 V.S.A. Ch. 117).  Thus, this matter is not within the original jurisdiction of the federal district court system.  Simply put, this case could not have been brought in federal court.  The Environmental Division of the Vermont Superior Court is the only place that this case could have been brought and it is where this appeal will remain.[3]

  We therefore **DENY** Appellants' motion to change venue to federal district court. Electronically signed this 15th day of November 2023 in Burlington, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division

---

[3] We note that, should Appellants have claims that they seek adjudication of within the jurisdiction of the federal court system, the pendency of this appeal would not preclude them pursuing a separate cause of action in that forum.